**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**SALVATORE MUNACO,**

               **Plaintiff,**            **CASE NUMBER: 06-14019**
                                      **HONORABLE VICTORIA A. ROBERTS**

**v.**

**UNITED STATES OF AMERICA,**

               **Defendant.**
_____/

<u>**ORDER**</u>

## I.    INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss.  For the following reasons the Court **GRANTS** Defendant's motion.

## II.    BACKGROUND

On January 7, 2005, Salvatore Munaco ("Plaintiff") acquired title to property in Palm Beach County, Florida.  He recorded a deed with the Palm Beach County Register of Deeds as the titleholder of the property.  It appears that Stephen and Dana Roncelli (the "Roncellis") sold the property to Plaintiff.  The Roncellis owed tax liabilities to the United States.  On March 17, 2005, the Internal Revenue Service ("IRS") issued a Notice of Federal Tax Lien against the Roncellis.

Four months after Plaintiff's deed was recorded, the Roncelli Federal Tax Lien was filed against Plaintiff's property.  On July 16, 2005, Plaintiff entered into an agreement to sell the property to a third-party and was scheduled to transfer title in

1

September, 2005.  In the course of searching title for the property, Plaintiff discovered the Roncellis' tax lien.  Plaintiff contacted the IRS and objected to the lien.  Plaintiff says that the IRS informed him that if he conditioned or qualified the lien payment in any way it would not convey clear and marketable title.  In order to close the sale, the title company paid $326,061.34 to the United States to discharge the tax lien.

Plaintiff filed a complaint against the United States seeking a judgment for damages in the amount of $326,061.34, plus incidental and consequential damages for an invalid federal tax lien, slander of title, and conversion.  The Government filed a motion to dismiss arguing this Court lacks subject matter jurisdiction because the Government did not waive its sovereign immunity.

## III.  STANDARD OF REVIEW

The standard of review applicable to a Rule 12(b)(1) motion to dismiss based on lack of subject matter jurisdiction depends on the nature of the motion.  For a "facial attack" arguing an absence of subject matter jurisdiction under Rule 12(b)(1), the pertinent standards for review are those identified in *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134-35 (6th Cir. 1996).  The district court must assume that the plaintiff's allegations are true and must construe them in a light most favorable to the plaintiff.  *Id.*  Relief is appropriate only if, after such construction, it is apparent to the district court that there is an absence of subject matter jurisdiction.  *Id.*; *see also United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  When responding to a facial attack on subject matter jurisdiction, the plaintiff's burden is not onerous.  *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6 Cir. 1996).  The plaintiff can "survive the motion by showing any arguable basis in law for the claim made."  *Id.*

## IV. APPLICABLE LAW AND ANALYSIS

### A. REFUND CLAIM

Plaintiff brought this case pursuant to 28 U.S.C. § 1346(a)(1).  He seeks a refund for voluntarily paying a tax lien assessed against the Roncellis.  The Government argues that this Court lacks jurisdiction because: (1) the Government did not waive its sovereign immunity; and (2) Plaintiff failed to exhaust his administrative remedies.

The United States, as a sovereign, is immune from lawsuit except where it has acted to waive this immunity.  *United States v. Mitchell*, 463 U.S. 206 (1993). Without consent, a complaint against the United States must be dismissed for lack of subject matter jurisdiction.  *Id.*  "It is the burden of the party who institutes a claim against the United States . . . to allege an action of Congress that authorizes the Court to entertain that specific claim."  *Malone v. Bowdoin*, 349 U.S. 643, 645, 648 (1962).

To enforce his rights, Plaintiff invokes 28 U.S.C. § 1346(a)(1), which waives the Government's sovereign immunity from suit by authorizing district court jurisdiction in "[a]ny civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . .."  28 U.S.C. § 1346.

Citing several sections of the Internal Revenue Code ("IRC") and 28 U.S.C § 1346(b),[1] the Government claims that Plaintiff fails to assert a valid waiver of sovereign

_____

[1] 28 U.S.C. 1346(b)(1) provides: Subject to the provisions of chapter 171 of this title, the district courts, . . ., shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the

immunity.

Foremost, the Court notes that the Supreme Court in a factually similar case held that third parties who paid another person's tax under protest to remove a lien on the third-party's property could bring a refund suit pursuant to the jurisdictional grant of § 1346(a)(1). *United States v. Williams*, 514 U.S. 527 (1995). In *Williams*, the plaintiff paid her ex-husband's tax debt under protest to remove several tax liens filed against her property, which were impeding the sale of the property. *Id.* at 530. The Supreme Court held that a person who pays another's tax liability under compulsion may claim a refund under § 1346(a)(1). *Id.* Surprisingly, neither party mentions *Williams*.

Instead, the Government argues that other sections of the IRC preclude this Courts jurisdiction and require Plaintiff to exhaust administrative remedies. The Government claims that 26 U.S.C §§ 7432, 7433, and 7426 govern this case. However, the Supreme Court's holding in *Williams* makes clear that sections 7432 and 7433 are inapplicable. Section 7432(a) allows a taxpayer to bring an action for damages against the IRS if "an officer or employee of the [IRS] knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer." 26 U.SC. § 7432. Section 7433 provides that a taxpayer may bring a civil action for actual, direct economic damages proximately caused by an IRS agent's reckless or intentional disregard of the Internal Revenue Code. 26 U.S.C. § 7433. It is undisputed that each of these sections requires exhaustion of administrative remedies.

But, courts have almost universally held that sections 7432 and 7433 only apply

_____

claimant in accordance with the law of the place where the act or omission occurred.

to the individual against whom the IRS is trying to collect.  *Ibraham v. United States of America*, 123 F.Supp.2d 408, 409 (S.D.Ohio 2000).  In other words, both sections require that the plaintiff be the "tax payer" from whom the IRS collected the tax; that is, the direct taxpayer, not a third-party.  *Williams*, 514 U.S. at 530.  Plaintiff is not a taxpayer.  Thus, the Government's contention that Plaintiff's claim should be dismissed for failure to exhaust his administrative remedies under these sections is misplaced.  Sections 7432 and 7433 are inapplicable to Plaintiff's claim.

Next, the Government argues that under 26 U.S.C. §§ 7426, 6325 Plaintiff may not bring a refund action without first exhausting administrative remedies.  Section 7426 allows for innocent third parties whose property is confiscated by the IRS to sue for a refund.  26 U.S.C. § 7426(a)(1), (4).[2]

In *Williams*, the Supreme Court held that § 7426(a)(1), a wrongful levy action, is inapplicable to plaintiffs seeking refunds for tax liens.  The Court reasoned that this remedy is unavailable because the Government did not issue a levy against the property in order to foreclose upon or collect the lien.  *Williams*, 514 U.S. at 536.  A lien,

_____

[2]26 U.S.C. § 7426(a)(1) provides in pertinent part: Wrongful levy.  If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.  Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

Section 7426(a)(4) provides: Substitution of value--If a certificate of discharge is issued to any person under section 6325(b)(4) with respect to any property, such person may, within 120 days after the day on which such certificate is issued, bring a civil action against the United States in a district court of the United States for a determination of whether the value of the interest of the United States (if any) in such property is less than the value determined by the Secretary. No other action may be brought by such person for such a determination.

which is only a security interest, is not equivalent to a levy for purposes of § 7426.

Further, the Court explained that the inapplicability of § 7426 left Williams without an

adequate administrative or judicial remedy.  Therefore, the Court held that claims under

§ 1346(a)(1) were cognizable because to deny Williams recovery "would leave people in

[her] position without a remedy."  *Id.*

Since the Supreme Court's holding in *Williams,* Congress enacted the Internal

Revenue Service Restructuring and Reform Act of 1998 to address the problem the

Supreme Court noted in *Williams*.  *See* S. Rep. 105-174, *54.  The amendment added

subsection (a)(4) to 26 U.S.C. § 7426 and (b)(4) to 26 U.S.C. § 6325.[3]  Section

6325(b)(4) now requires the IRS to issue a certificate of discharge as a matter of right to

third parties such as plaintiff and § 7426(a)(4) provides a judicial remedy.

Under the amended provisions, the third-party has a right to obtain a certificate of

discharge by applying to the Secretary of Treasury and either depositing cash or

furnishing a bond sufficient to protect the lien interest of the United States.  The

Secretary may not refuse to issue the certificate if the third-party followed this

procedure.  After the this procedure is followed, the Secretary must refund the amount

deposited or release the bond, to the extent that the Secretary determines that the

---

[3](B) Refund of deposit with interest and release of bond.--The Secretary shall
refund the amount so deposited (and shall pay interest at the overpayment rate under
section 6621), and shall release such bond, to the extent that the Secretary determines
that --
(i) the unsatisfied liability giving rise to the lien can be satisfied from a source other than
such property; or
(ii) the value of the interest of the United States in the property is less than the
Secretary's prior determination of such value.
26 U.S.C.A. § 6325(b)(4).

taxpayer's unsatisfied liability giving rise to the lien can be satisfied from a source other than the property owned by the third-party, or the value of the interest of the United States in the property is less than the Secretary's prior determination of its value. 26 U.S.C. § 6325(b)(4)(i), (ii).

Thus, the provision presents an administrative procedure similar to the wrongful levy remedy for third parties in § 7426(a)(1). In fact, it was the intent of Congress to provide such relief to parties. In its "Reasons for Change," the Committee on Finance stated that "third parties should have a mechanism to release an erroneous tax lien." *Id.* The Committee further explained that because the Secretary would not have discretion in issuing the certificate of discharge the defect the Supreme Court found in *Williams* is cured because the third-party not only has an administrative but also a judicial remedy available.

The provision establishes a judicial cause of action for third parties – the owner of the property has 120 days after the date of the certificate of discharge to challenge the IRS's determination of the value of the lien interest in district court. Thus, sections 6325(b)(4) and 7426(a)(4) provide the remedy that was unavailable in *Williams*.

Since the amendment, only a few courts, in mostly unreported decisions, have had occasion to analyze the interplay between sections 6325(b)(4), 7426(a)(4), and *Williams*. *See Courant v. United States*, No. 00-14163, 2002 WL 471769 (S.D.Fla. Feb. 26, 2002); *City of Richmond v. United States*, 348 F.Supp.2d 807, 813-14 (E.D.Ky. 2004); *Cryster v. United States*, No. 06-175, 2006 WL 320385 (E.D.Wash. Nov. 2, 2006). All, however, found that third-party claimants must first exhaust the administrative remedies provided by 6325(b)(4) and 7426(a)(4) before bringing a refund

7

suit under 1346(a)(1). *City of Richmond*, 348 F.Supp.2d at 814.

Here, Plaintiff did not seek or obtain a certificate of discharge from the IRS under § 6325 before filing suit against the Government. Plaintiff could have done so. But for Congress' enactment of section 3106, Plaintiff's claim would be cognizable under *Williams*. Congress, however, specifically enacted section 3106 to provide Plaintiff with an administrative and judicial remedy. Because Plaintiff, a third-party, did not use the available remedy before bringing suit, the Court must dismiss his claim for lack of subject matter jurisdiction.

### B.    SLANDER OF TITLE AND CONVERSION CLAIM

Similarly, Plaintiff's slander of title and conversion claim must be dismissed for failure to exhaust administrative remedies. In Counts II and III, Plaintiff alleges the Government unlawfully converted his funds and slandered the title of his property. Notwithstanding Plaintiff's arguments to the contrary, claims of conversion and slander of title are tort claims subject to the Federal Tort Claims Act ("FTCA"). *Bank of New Hampshire v. United States*, 115 F.Supp.2d 214 (D.N.H. 2000)(holding that claim of conversion against United Sates was a tort claim subject to exhaustion requirements of the FTCA); *see generally Farha v. F.D.I.C.*, 963 F.2d 283 (10th Cir. 1992)(holding that tortious conversion of proceeds claim was subject to administrative claim requirements of FTCA); *Price v. United States*, 69 F.3d 46 (5th Cir. 1990)(holding that district court lacked subject matter jurisdiction under FTCA for plaintiff's failure in conversion action to comply with administrative claim procedure); *Diminine v. United States*, 728 F.2d 301 (1984)(claims of libel, slander, and interference with contractual rights are barred by the FTCA).

8

To bring a tort claim against the United States, a plaintiff must comply with the provisions of the FTCA, 28 U.S.C. § 2671, *et seq*, which allows suit against the United States under certain circumstances. This limited waiver of the sovereign immunity, however, does not extend to claims for collection of taxes. Section 2680(c) specifically retains the government's sovereign immunity with "any claim arising . . . [out] of the assessment or collection of any tax." 28 U.S.C. § 2680(c).

Further, the FTCA requires a plaintiff to exhaust the administrative remedies provided in 28 U.S.C. § 2675 before bringing a claim in federal court:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . unless the claimant shall have first presented the claim to the appropriate Federal agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

The Supreme Court makes clear that a plaintiff cannot pursue an action under the FTCA unless all available administrative remedies are exhausted. *McNeil v. United States*, 508 U.S. 106 (1993). Plaintiff did not pursue this remedy. Therefore, even if the Government waived sovereign immunity, Plaintiff's failure to exhaust his administrative remedies would still require this Court to dismiss his claims.

Because the FTCA applies to Plaintiff's tort claims and the Government retains sovereign immunity against claims arising out of tax collections, the Court finds that Plaintiff's claims are barred.

## V.    CONCLUSION

For the reasons stated the Defendant's motion is **GRANTED**.

**IT IS SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 1, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 1, 2007.

S/Carol A. Pinegar
Deputy Clerk